IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTISE HARRIS, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____<br>) |
| v. | ) Removal from the Circuit Court of Cook<br>) County, Illinois<br>) |
| AMERICAN AXLE & MANUFACTURING, INC., | ) Case No.: 2021CH03704<br>) |
| Defendant. | )<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1332, 1367, 1441 and 1446, Defendant AMERICAN AXLE & MANUFACTURING, INC. ("Defendant"), removes to the United States District Court for the Northern District of Illinois, Eastern Division, the civil action pending against it in the Circuit Court of Cook County, Illinois, Chancery Division. In support of removal, Defendant states as follows:

1. Plaintiff Artise Harris ("Plaintiff") filed a four-count Class Action Complaint ("Complaint") alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS §14/1 *et seq.*, in the Circuit Court of Cook County, Illinois on July 29, 2021. The lawsuit is styled *Artise Harris, on behalf of himself and all others similarly situated, v. American Axle & Manufacturing, Inc.*, Case No. 2021CH03704 (the "State Court Action"). [1]

2. Pursuant to 28 U.S.C. §1446(a), a "copy of all process, pleadings, and orders served upon … defendants" in the State Court Action is attached hereto as **Exhibit A**.

3. Defendant was served with the Summons and Complaint on August 3, 2021. *See* **Exhibit B**.

---

[1] Plaintiff incorrectly identifies American Axle & Manufacturing, Inc. as his employer. This is incorrect. Plaintiff's employer was, and the proper defendant in this lawsuit should be, Jernberg Industries, LLC. This inaccuracy does not affect the merits of this petition.

4. Defendant files this Notice of Removal within 30 days of the date that Defendant was served and is accordingly timely. 28 U.S.C. §1446(b)(1); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the notice of removal clock does not run until a party has been served with the summons and complaint under applicable state law).

## VENUE IS PROPER

5. The Circuit Court of Cook County, Illinois, is located within the United States District Court for the Northern District of Illinois, Eastern Division. 28 U.S.C. §93(a)(1). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

## SECTION 301 PREEMPTION CONFERS FEDERAL QUESTION JURISDICTION ON THIS COURT

6. Plaintiff's BIPA claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and therefore arise under federal law conferring federal question jurisdiction on this Court. *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust Fund of So. Cal.*, 463 U.S. 1, 24 (1983); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); 28 U.S.C. §1331.

7. "Section 301 preempts claims directly founded on or 'substantially dependent on analysis of a collective-bargaining agreement.'" *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498 (7th Cir. 1996). "If the resolution of a state law claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." *Id.* at 499. "In sum, if it is necessary to interpret express or implied terms of a CBA, a state law claim is completely preempted by §301, the claim is deemed federal in nature from its inception, and the complaint is deemed one that defendant can remove." *Id.*

8. In *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 904 (7th Cir. 2019), the Seventh Circuit consolidated two cases on appeal that contended United Airlines and Southwest Airlines violated BIPA. The Seventh Circuit affirmed the lower court decisions that plaintiffs' BIPA claims were preempted by the Railway Labor Act ("RLA") and unequivocally concluded that the claims "are topics for resolution by an adjustment board rather than a judge" and "the board must make that decision and supply any appropriate remedy."

9. Although *Miller* applied the RLA, the U.S. Supreme Court has held that the preemption standard is essentially the same under the LMRA. *See Hawaiian Airlines v. Norris*, 512 U.S. 246, 260 (1994).

10. Under nearly identical circumstances as this case, several district courts have applied *Miller* to conclude that Section 301 of the LMRA preempt BIPA claims where plaintiff's employment is governed by the terms of a collective bargaining agreement. *See e.g.*, *Williams v. Ecolab Inc.*, Case No. 21 C 695, ECR #14 (N.D. Ill. August 19, 2021); *Carmean v. Bozzuto Management Company*, 20 C 5294, 2021 WL 2433649, *4 (N.D. Ill. June 15, 2021); *Hicks v. Evergreen Living & Rehab Center*, 20 C 4032, ECF #39 (N.D. Ill. March 8, 2021); *Barton v. Swan Surfaces, LLC*, 2021 WL 793983, *7 (S.D. Ill. March 2, 2021); *Gil v. True World Foods Chicago, LLC*, 20 C 2362, ECF #33 (N.D. Ill. Nov. 30, 2020); *Fernandez v. Kerry, Inc.*, 2020 WL 7027587, *5 (N.D. Ill. Nov. 30, 2020); *Williams v. Jackson Park SLF, LLC*, 2020 WL 5702294 (N.D. Ill. Sept. 24, 2020); *Frisby v. Sky Chefs, Inc.*, 2020 WL 4437805 (N.D. Ill. Aug. 3, 2020); *Crooms v. Southwest Airlines Co.*, 2020 WL 2404878, *3-7 (N.D. Ill. May 12, 2020); *Gray v. Univ. of Chi. Med. Ctr., Inc.*, 2020 WL 1445608 (N.D. Ill. March 25, 2020); *Peatry v. Bimbo Bakeries USA, Inc.*, 2020 WL 919202 (N.D. Ill. Feb. 26, 2020); *see also Fox v. Dakkota Integrated Sys., LLC*,

980 F.3d 1146, 1156 (7th Cir. 2020) (directing the lower court to decide the Section 301 preemption issue while hinting that "the answer appears to flow directly from Miller").

11. Thus, for example, in *Carmean v. Bozzuto Management Company*, *supra,* the court concluded that *Miller* was dispositive because the determination of whether the employer violated BIPA "turns … on the extent to which [the union] consented – via the CBA's management rights clause – to the use, retention and disclosure of [plaintiff's] and other building employees' biometric information." Likewise, in *Peatry v. Bimbo Bakeries USA, Inc.*, *supra*, the court dismissed plaintiff's BIPA claims as preempted by Section 301 because plaintiff should have raised these allegations through the grievance and arbitration provision of the CBA governing her terms of employment. In *Gray v. The University of Chicago Medical Ctr., Inc.*, *supra*, the court dismissed plaintiff's BIPA claims because they "require interpretation of the CBA – at the very least its management rights clause." Specifically, *Gray* held that "[p]laintiff's claims under BIPA are preempted by Section 301 of the LMRA and must be dismissed" because plaintiff did not "exhaust [her] administrative remedies before bringing suit." *Gray* at *4-5. In *Crooms v. Southwest Airlines Co.*, *supra*, the court reaffirmed *Miller* in holding that plaintiffs' BIPA claims are preempted by the analogous RLA because the question of consent by the union is for the adjustment board.

12. Most recently, in *Williams v. Ecolab Inc., supra*, the court dismissed plaintiff's BIPA complaint as preempted relying on *Miller* and its progeny. Judge Lefkow explained that the "LMRA provides that where a CBA establishes a grievance procedure and interpretation of the CBA is necessary to resolution of a claim, employees must exhaust administrative remedies before bringing suit in federal court" (Case No. 21 C 695, ECR #14, sl.op. at 8).

13. According to records maintained by Plaintiff's employer Jernberg Industries, LLC ("Jernberg"), Plaintiff was a member of United Steel, Paper and Forestry, Rubber, Manufacturing,

4

Energy, Allied Industrial and Service Workers International Union (the "Union") throughout his employment. (*See* **Exhibit C**, Declaration of Linda Jarbo ("Jarbo Decl.") ¶¶8, 10.)

14. At all times relevant to the Complaint, the Union was the "sole and exclusive collective bargaining agency" for Plaintiff for purposes of collective bargaining with Jernberg (Plaintiff's employer). (Ex. C, Decl. ¶10, citing Exhibit 1, Article II, Section 1.)

15. The CBA expressly recognizes Jernberg's management rights by providing:

> **Section 1.** Subject to the provisions of this Agreement, the management of the works and the direction of the working forces, including the right to hire, suspend or discharge for just cause and the right to relieve employees from duty because of lack of work, or other legitimate reasons, are vested in the Company, provided, however, that this will not be used for purposes of discrimination against any employee because of his Union activities.
>
> **Section 2.** The type of products to be manufactured, the location of the plants, the schedules of production, the methods of processes, means of manufacturing, and free access to its properties, at all times, are Management's prerogative. …

(Ex. C, Jarbo Decl. ¶11, citing Exhibit 1, Article V – Management.)

16. The analysis of whether Jernberg (Plaintiff's employer) satisfied BIPA's policy, notice and consent requirements necessitates interpretation of the CBA's language concerning Jernberg's right to manage and direct its workforce, determine policies and procedures and to determine the methods and means by which its operations are to be carried out. Specifically, the analysis requires a determination of whether the CBA's specification of Jernberg's rights to manage and direct its workforce and determine the methods and means by which its operations are carried out constitute a sufficient written notice and release from plaintiff's "legally authorized representative" under BIPA. 740 ILCS 14/15(b)(3).

17. Like the CBAs in *Miller*, *Williams*, *Carmean*, *Hicks*, *Barton*, *Gil*, *Fernandez*, *Jackson Park SLF, LLC*, *Frisby*, *Gray*, and *Peatry*, the CBA at issue here contains a management

5

rights clause and establishes a grievance procedure that culminates in arbitration before an inpartial umpire selected by agreement of the parties or by a competent arbitrator selected by the parties striking arbitrators from a list provided by the Federal Mediation and Conciliation Service. (Ex. C, Jarbo Decl. ¶12, citing Exhibit 1, Article XIII, Section 1.)

18. The "Seventh Circuit has concluded that it is not possible to resolve a BIPA dispute over fingerprint time clocks without reference to the collective bargaining agreement." Because Harris' BIPA claim "necessarily requires interpretation of the collective bargaining agreement," it is preempted by Section 301 of the LMRA. This Court has original jurisdiction over the claim, and the case is removable. *See Fernandez,* 2020 WL 1820521 (denying plaintiffs' motion to remand); *see also Atchley*, 101 F.3d at 498-99.

### **RESERVATION OF RIGHTS**

19. Defendants' filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission and/or consent by Defendants of whether the court has personal jurisdiction over it. The filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by Defendants of any fact, of the validity or merits of any of Plaintiff's claims and allegations, or of any liability, all of which Defendants hereby expressly deny, or as any type of express or implied waiver or limitation of any of Plaintiff's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

20. Pursuant to 28 U.S.C. §1446(d), Defendants will promptly give written notice of the filing of the Notice of Removal to Plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court for Cook County, Illinois.

6

**WHEREFORE**, Defendant AMERICAN AXLE & MANUFACTURING, INC., respectfully request that this litigation be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated:   September 2, 2021

Respectfully submitted,

By:   /s/ Harry J. Secaras
One of the Attorneys for Defendant,
**AMERICAN AXLE & MANUFACTURING, INC.**

Harry J. Secaras (ARDC No. 6201861)
Jennifer L. Colvin (ARDC No. 6274731)
**OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:   312.558.1220
*harry.secaras@ogletree.com*
*jennifer.colvin@ogletree.com*

## **CERTIFICATE OF SERVICE**

    The undersigned attorney certifies that on September 2, 2020, he filed the foregoing *Notice of Removal* electronically with the Clerk of Court using the ECF system, and served the *Notice of Removal* on the following via electronic mail:

>Michael Drew
>**NEIGHBORHOOD LEGAL, LLC**
>20 North Clark Street
>Suite 3300
>Chicago, Illinois 60602
>*mwd@neighborhood-legal.com*
>
>Michael Wood
>**COMMUNITY LAWYERS, LLC**
>980 North Michigan Avenue
>Suite 1400
>Chicago, Illinois 60611
>*mwood@communitylawyersgroup.com*
>
>*Attorneys for Plaintiff*

                                   /s/ Harry J. Secaras
                                   One of the Attorneys for Defendant
                                   **AMERICAN AXLE & MANUFACTURING, INC.**

48392630.1