IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTISE HARRIS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN AXLE & MANUFACTURING, INC.,<br><br>    Defendant. | Case No. 1:21-cv-04693<br><br>Hon. Judge Charles P. Kocoras<br><br>Hon. Magistrate Judge Jeffrey T. Gilbert |

**<u>DEFENDANT'S RULE 12(b)(1) AND RULE 12(b)(6) MOTION TO DISMISS</u>**

Defendant AMERICAN AXLE & MANUFACTURING, INC. ("Defendant")[1], hereby moves to dismiss the Biometric Information Privacy Act ("BIPA") Class Action Complaint ("Complaint") filed by Plaintiff ARTISE HARRIS ("Plaintiff") with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of this motion, Defendant states as follows:

1. First, Plaintiff's BIPA claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"). The Seventh Circuit has established that BIPA claims are federally preempted when those claims require the interpretation of a collective bargaining agreement ("CBA"). *See Miller v. Southwest Airlines Co.*, 926 F.3d 898, 903-04 (7th Cir. 2019). The union that represented Plaintiff, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (the "Union") and Defendant were parties to a CBA that granted Defendant extensive management rights to operate the facility, including the right to implement reasonable work rules without bargaining further with the Union. As Plaintiff's "authorized agent," the Union was given notice and consented to the collection of Plaintiff's biometric data. Further, the CBA provided for a grievance and arbitration procedure

---

[1] Plaintiff incorrectly identifies American Axle & Manufacturing, Inc. as his employer. This is incorrect. Plaintiff's employer was, and the proper defendant in this lawsuit should be, Jernberg Industries, LLC. This inaccuracy does not affect the merits of this motion.

for all disputes under the CBA. Therefore, this Court does not have subject matter jurisdiction, and this dispute must be determined by the grievance procedure as stated in the parties' CBA.

2. Second, Plaintiff's BIPA claims are time-barred whether this Court applies the one-year, two-year or five-year statute of limitations. Here, Plaintiff's employer, Jernberg Industries, LLC, used a HandPunch clock from approximately July 2009 to March 1, 2015. The HandPunch clock was set back to the factory default setting and returned to the time clock vendor, thereby destroying all user databases and data logs. On or about March 1, 2015, upon removal of the HandPunch clocks, Jernberg Industries, LLC began using a time clock system consisting of a RFID scanner/proximity card reader for badge scanning. The time clock system did not – and does not – collect any biometric information from an employee. *See* Declaration of Linda Jarbo, attached as Exhibit A to Defendant's Memorandum in Support of this motion, filed contemporaneously herewith. Thus, Plaintiff was allegedly injured and his claims accrued between July 2009 and March 2015. *See Feltmeier v. Feltmeier*, 207 Ill.2d 263, 278-79 (2003). Plaintiff's claims are untimely because he did not file his BIPA lawsuit until July 29, 2021, more than six years after his claims accrued.

WHEREFORE, Defendant AMERICAN AXLE & MANUFACTURING, INC. respectfully requests that the Court grant its Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss with prejudice and order all such further relief that the Court deems just.

**[Signature block follows on next page]**

Dated: September 8, 2021            Respectfully submitted,

                                                 By: /s/ Jennifer L. Colvin
                                                       One of the Attorneys for Defendant,
                                                       **AMERICAN AXLE & MANUFACTURING, INC.**

Harry J. Secaras (ARDC No. 6201861)
Jennifer L. Colvin (ARDC No. 6274731)
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
*harry.secaras@ogletree.com*
*jennifer.colvin@ogletree.com*

3

## **CERTIFICATE OF SERVICE**

 The undersigned attorney certifies that on September 8, 2021, the foregoing ***Defendant's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss*** was filed electronically with the Clerk of Court of the United States District Court for the Northern District of Illinois using its CM/ECF system, which sent notification of such filing to the following:

> Michael Drew
> **NEIGHBORHOOD LEGAL, LLC**
> 20 North Clark Street
> Suite 3300
> Chicago, Illinois 60602
> *mwd@neighborhood-legal.com*
>
> Michael Wood
> **COMMUNITY LAWYERS, LLC**
> 980 North Michigan Avenue
> Suite 1400
> Chicago, Illinois 60611
> *mwood@communitylawyersgroup.com*
>
> ***Attorneys for Plaintiff***

/s/ Jennifer L. Colvin
One of the Attorneys for Defendant
**AMERICAN AXLE & MANUFACTURING, INC.**

48407177.1