IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTISE HARRIS, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:21-cv-04693 |
| v. | ) ) Hon. Judge Charles P. Kocoras ) |
| AMERICAN AXLE & MANUFACTURING, INC., | ) Hon. Magistrate Judge Jeffrey T. Gilbert ) |
| Defendant. | ) ) |

**DEFENDANT'S MOTION FOR LEAVE TO CITE ADDITIONAL
AUTHORITY *INSTANTER* IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant AMERICAN AXLE & MANUFACTURING, INC. ("Defendant")[1], hereby moves this Court for leave to cite additional authority *instanter* in support of its Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss, as follows:

1. On September 8, 2021, Defendant filed its Rule 12(b)(1) and 12(b)(6) Motion to Dismiss on the grounds that: (1) Plaintiff's Biometric Information Privacy Act ("BIPA") Class Action Complaint is preempted by Section 301 of the Labor Management Relations Act ("LMRA"); and (2) Plaintiff's BIPA claims are time-barred whether this Court applies a one-, two- or five-year statute of limitations.

**The Seventh Circuit Has Ruled Section 301 of the LMRA Preempts BIPA Claims**

2. On September 20, 2021, the Seventh Circuit issued its decision in *Fernandez v. Kerry, Inc.*, ---F.4th ---, 2021 WL 4260667 (7th Cir. Sept. 20, 2021), upholding the district court's dismissal of the plaintiff's BIPA class action lawsuit as preempted by Section 301 of the LMRA. *See* **Exhibit A**. In *Fernandez*, the defendant contended the LMRA preempted the lawsuit because

---

[1] Plaintiff incorrectly identifies American Axle & Manufacturing, Inc. as his employer. This is incorrect. Plaintiff's employer was, and the proper defendant in this lawsuit should be, Jernberg Industries, LLC. This inaccuracy does not affect the merits of this motion.

resolution depended on interpretation of collective-bargaining agreements ("CBA") between defendant and the union that represented plaintiffs while they worked there. Specifically, the defendant pointed to the management-rights clause of the CBAs to support its position.

3. In upholding the dismissal, the Seventh Circuit noted that regardless of whether a topic of bargaining is mandatory or permissive, the union is the workers' agent and workers cannot insist that management bypass the union and deal with them directly. Moreover, "Whether [the] unions did consent to the collection and use of biometric data, or perhaps grant authority through a management-rights clause, is a question for [decision under the agreement]. Similarly, the retention and destruction schedules for biometric data, and whether [employers] may use third parties to implement timekeeping and identification systems, are topics for bargaining between unions and management." *Id.*,\*2, citing *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 903 (7th Cir. 2019). The Seventh Circuit found that it was for an arbitrator to decide whether the defendant properly obtained the union's consent to acquire and use fingerprint information. *Id.*,\*2.

4. Here, as in *Fernandez*, Plaintiff alleges his hand and fingerprints were scanned into a biometric time clock for timekeeping purposes. Plaintiff alleges Defendant violated BIPA by unlawfully collecting, storing, and/or using biometric data and information. As in *Fernandez*, during the entirety of his employment Plaintiff was a member of the Union and subject to a CBA that included a broad and extensive management rights provision, as well as a grievance and arbitration procedure. As in *Fernandez*, here, the Union was Plaintiff's "legally authorized representative." This Court must follow the *Fernandez* decision and dismiss Plaintiff's Complaint with prejudice, as Plaintiff's claims require the interpretation of the CBA.

**The Appellate Court of Illinois Has Determined the Applicable Statute of Limitations for BIPA Claims**

5. On September 17, 2021, the Appellate Court of Illinois issued its opinion in *Tims v. Black Horse Carriers, Inc*., ---N.E.3d ---, 2021 IL App (1st) 200563, 2021 WL 4243310 (Sept. 17, 2021). *See* **Exhibit B**. In *Tims*, the court ruled that a five-year statute of limitations applies to BIPA claims brought under Sections 15(a), 15(b), and 15(e) and a one-year statute of limitations applies to BIPA claims brought under Sections 15(c) and 15(d). *Id*., at *5-6; 740 ILCS 14/15.

6. On July 29, 2021, Plaintiff filed a four-count Class Action Complaint alleging: (1) Count I – BIPA violations under Section 15(a); (2) Count II – BIPA violations under Section 15(b); (3) Count III – BIPA violations under Section 15(d); and (4) Count IV – BIPA violations under Section 15(e). *See* ECF 1-1.

7. Here, Plaintiff alleges he worked at Defendant from 2003 to March 2019. He contends that "sometime in 2016" Defendant began using a hand scanner for timekeeping purposes. In actuality, the HandPunch time clock was first used in July 2009 and was no longer used as of about March 1, 2015. In or around March 2015, the HandPunch clock was reset to the factory default setting and returned to ADP, and all data relating to the employees from the HandPunch clock was deleted and destroyed. The time clock that was used beginning on or about March 1, 2015, and that is still being used, is an RFID scanner/proximity card reader for badge number scanning and does not collect or use biometric data.

8. Pursuant to the decision in *Tims*, Count III must be dismissed with prejudice as the one-year statute of limitations applies and the claim is untimely. Similarly, while the remaining counts have a five-year statute of limitations, they must also be dismissed as untimely. As noted in Defendant's Memorandum supporting it Motion to Dismiss, Plaintiff's claims are untimely

under any applicable statute of limitations because the lawsuit was filed 12 years after his claim accrued in July 2009 and more than six years after the HandPunch clock stopped being used.

WHEREFORE, Defendant AMERICAN AXLE & MANUFACTURING, INC. respectfully requests that this Court take notice of the decisions in *Fernandez* and *Tims*, and grant Defendant's Motion to Dismiss with prejudice.

Dated: September 24, 2021

Respectfully submitted,

By: /s/ Jennifer L. Colvin
One of the Attorneys for Defendant,
**AMERICAN AXLE & MANUFACTURING, INC.**

Harry J. Secaras (ARDC No. 6201861)
Jennifer L. Colvin (ARDC No. 6274731)
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
*harry.secaras@ogletree.com*
*jennifer.colvin@ogletree.com*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on September 24, 2021, the foregoing ***Defendant's Motion for Leave to Cite Additional Authority Instanter In Support of Its Motion to Dismiss*** was filed electronically with the Clerk of Court of the United States District Court for the Northern District of Illinois using its CM/ECF system, which sent notification of such filing to the following:

>Michael Drew
>**NEIGHBORHOOD LEGAL, LLC**
>20 North Clark Street
>Suite 3300
>Chicago, Illinois 60602
>*mwd@neighborhood-legal.com*
>
>Michael Wood
>**COMMUNITY LAWYERS, LLC**
>980 North Michigan Avenue
>Suite 1400
>Chicago, Illinois 60611
>*mwood@communitylawyersgroup.com*
>
>***Attorneys for Plaintiff***

>/s/ Jennifer L. Colvin
>One of the Attorneys for Defendant
>**AMERICAN AXLE & MANUFACTURING, INC.**

48411017.1